Kathryn Yvonne NORWOOD,
Petitioner/Respondent,

v.

Stephen NORWOOD,
Respondent/Appellant.

No. 59005.

Missouri Court of Appeals,
Eastern District,
Division One.

May 28, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 1991.

Application to Transfer Denied
Sept. 10, 1991.

Eric Snyder, Clayton, for respondent/appellant.

Weier, Hockensmith & Sherby, William Arnold Hellmich, II, St. Louis, for petitioner/respondent.

KAROHL, Judge.

Father appeals from decree of dissolution entered on August 6, 1990. Two children were born during the parties' twelve year marriage. The amount of child support was the only issue in dispute at the dissolution hearing. The decree incorporated by reference the stipulation and agreement by the parties for division of real and personal property and child custody and visitation. Father alleges four points on appeal. We affirm.

The relevant portions of the decree of dissolution are:

> It is further ordered, ... that said [Mother] have the care, custody and control of the minor children, ... Visitation and Temporary Custody per attached Exhibit 1 [stipulation] incorporated in and made a part of the decree; that both parties waive maintenance (not subject to modification); that said [Mother] have and recover of said [Father] the sum of $315 per month child support per child; child support amounts were determined in accordance with authorized support

guidelines per the Supreme Court Rule ([Mother's] income $3,202 per month— [Father's] income $2,166.66 per month); Calculation: $990 chart support plus $241 child care; 41% or $505 is [father's] share plus one-half health insurance or $125 = $630; child care = $241 per month average, health insurance = $250 per month—each parent to pay one-half.

Preliminarily, we note father's brief does not comply with Rule 84.04(d). *See Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). Mother's brief attempted a response on the merits. Therefore, we will interpret and address the points relied upon.

In his first point relied upon, father challenges the child support award alleging "the court erred in denominating the child custody as sole custody in the [mother]" because according to father's calculation he has physical custody 40% of the time. Father argues he has "actual joint physical custody" as defined in § 452.375.1(2) RSMo Cum.Supp.1990. The court awarded mother custody and control of the minor children and awarded father visitation and temporary custody per the stipulation as to child custody and visitation. Fundamental to father's statutory right to appeal is that he be aggrieved by the judgment from which he appeals. Section 512.020 RSMo 1986. Here, father is not aggrieved regarding the characterization of custody because the court adopted the stipulation as father and mother requested. *See Eakright v. Eakright*, 689 S.W.2d 799, 800 (Mo.App.1985). *State ex Rel. Fletcher v. New Amsterdam Casualty Co.*, 430 S.W.2d 642, 645 (Mo.App.1968). The point has no legal support on the merits.

We address father's next two points simultaneously. In his second point relied upon, father alleges the court erred in its award of child support because the award does not comport with Civil Procedure Form No. 14. In his third point relied upon, father alleges the court abused its discretion in ordering that all of father's share of child support be paid to mother and none of mother's share of child support be paid to father. Father argues Form No. 14 must be modified to take into account

the relative periods of time of custody of each parent and the child support expenses father directly incurs. Father does not dispute the amount of child support, $1481. Rather, he argues he directly incurs 40% of the child support expenses. Father reasons mother should pay 60% of his expenses and 60% of her own expenses. Father concludes his child support obligation to mother should be reduced to $138 per month.

Rule 88.01 states: "There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form 14 is the amount of child support to be awarded...." Therefore, father had the opportunity at the dissolution hearing to present evidence to the court to rebut his share of the presumed amount of child support, present his direct expenses, and ask the court to enter the award of child support to reflect each parties' expenses and percentage of contribution. The record on appeal does not include a transcript. The record on appeal does not support father's contention that he directly pays 40% of the $1481 required to support the children. Nor has father furnished a record to this court to support a finding he presented evidence to the dissolution court to overcome the rebuttable presumption that mother, as custodial parent, spends her share of the total of child support, 59% of $1481, on the children. *See* Form No. 14, Directions for Use, Comment (B). Accordingly, father has failed to prove the award of child support is not supported by substantial evidence, is against the weight of the evidence or that the court erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Point denied.

 In his fourth point relied upon, father alleges the court's order is a violation of constitutional due process and equal protection guarantees. This point fails because father did not raise his constitutional claim at the first available opportunity, before the dissolution court, and did not preserve it for appellate review. *See City of Eureka v. Litz*, 658 S.W.2d 519, 521 (Mo. App.1983).

Mother filed a supplemental legal file on appeal which contains portions of depositions not offered in evidence before the dissolution court. In accord with father's motions, we strike and did not consider the depositions and that portion of mother's brief which refers to the depositions. *See Nat'l Indem. Co. v. Liberty Mut. Ins. Co.*, 513 S.W.2d 461, 468 (Mo. 1974).

Mother seeks an award of her attorney's fees in defending this appeal pursuant to Rule 84.19. The motions for fees is sustained because the points on appeal are frivolous. *Foster v. Foster*, 703 S.W.2d 952, 954 (Mo.App.1986). The request for fees is supported by an affidavit of wife's counsel documenting a fee of $2,515 for services in defense of the appeal. Father is ordered to pay to mother the sum of $2,515 as attorney's fees.

The decree of dissolution is affirmed.

CRANDALL, C.J., and PUDLOWSKI, J., concur.