Susan Ann MARRA, Petitioner–
Respondent,

v.

James Francis MARRA, Respondent–
Appellant.

No. 62113.

Missouri Court of Appeals,
Eastern District,
Northern Division.

July 13, 1993.

Charles R. Willis, St. Louis, for appellant.

Wasinger, Parham, Morthland, Terrell & Wasinger, Mark Steven Wasinger, Hannibal, for respondent.

KAROHL, Chief Judge.

Father appeals an order partially granting his motion to modify decree of dissolution after a trial on April 16, 1992, wherein his child support obligation was reduced from $550 to $320 per month. The only issue at trial was the appropriate amount of child support in light of Father's changed circumstances. Because the record on appeal fails to support Father's claimed point of error, we affirm.

Father's sole point on appeal is:

THE TRIAL COURT ERRED BY ENTERING AN ORDER REQUIRING [FATHER] TO PAY CHILD SUPPORT IN AN AMOUNT WHICH EXCEEDED THE AMOUNT OF SUPPORT FIXED BY MISSOURI SUPREME COURT RULE 88.01 AND FOR WANT OF WRITTEN OR SPECIFIC FINDINGS THAT THE AMOUNT SO REQUIRED, AFTER CONSIDERATION OF ALL RELEVANT FACTORS, WAS UNJUST OR INAPPROPRIATE.

A decree dissolving the marriage of Susan Ann Marra and James Francis Marra was entered June 26, 1991. The decree adopted the stipulation and agreement of the parties, the terms of which awarded Mother sole custody of the one child born of the marriage, and obligated Father to pay $550 per month in child support. Father was also directed to maintain medical and dental insurance on the minor child. At the time of the decree, Father was a truck driver earning some $35,000 per year. One month later, Father lost his job. On August 8, 1991, he filed a motion to modify the support order pursuant to his changed circumstances. Father stopped making child support payments and on October 29, 1991, Mother filed a motion for contempt. There are no contempt issues before this court.[1]

Father did not file a Rule 88.01 Form 14 before the hearing on his motion to modify; Mother did. Father's claim of trial court error is troublesome because he

---

1. Without condoning Mother's extraneous sentence or two taking unnecessary shots at Father's expenditures given the fact that no contempt issues are before this Court, we summarily find no merit to Father's motion to strike Mother's brief for failure to comply with Rule 84.04(c).

failed to follow mandatory procedure where the burden of proof was his. Father filed a motion for rehearing and attached a Form 14. His belated form provides the same monthly income figures as hers. Mother included in her Form 14 a figure of $151 per month for work-related child care costs and supported that figure by her testimony. Father did not include any amount for work-related child care and offered no evidence in opposition to Mother's figure.

The facts adduced at trial, giving all favorable inferences to the resulting order, show that Father began seeking other employment after his discharge, but was only able to secure temporary positions that paid slightly over minimum wage. Father eventually began drawing unemployment compensation of $927 per month, which he continued to receive through the time of the hearing on his motion. Mother was earning $411 per month at the time of trial, and had child care expenses of $151 per month.

■ Rule 88.01 creates a rebuttable presumption that the child support award established by reference to proven facts and reported on Form 14 is the correct amount. Section 452.340 RSMo Cum.Supp.1992. Modification of support may be had only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. Section 452.370 RSMo Cum.Supp.1992. When the party seeking modification has met this burden of proof, then Rule 88.01 and Form 14 are to be followed again to reset the award. *Id.* To rebut the presumption that the amount of child support established by using Form 14, assuming the evidence supports the figures on the form, is the amount to be awarded, the court must enter a written or specific finding on the record that the amount so calculated is unjust or inappropriate after considering all the relevant factors. Rule 88.01(e); *Allen v. Allen,* 811 S.W.2d 58 (Mo.App.1991).

■ The Directions for Use following the Form 14 Worksheet state: "Both the custodial and noncustodial parents shall calculate the presumed child support amount by completing the worksheet." It is necessary for the moving party to let the record reflect that the trial court was provided with such a form to enable review. *Norwood v. Norwood,* 813 S.W.2d 29 (Mo. App.1991). It follows that an appellant seeking relief from a child support award without including these completed forms does so at his or her peril. *Kessinger v. Kessinger,* 829 S.W.2d 658, 661 (Mo.App. 1992). In the present case, Father did not present his own completed Form 14 to the trial court until he filed a motion for a new trial. Furthermore, he did not include the Form 14 supplied by Mother and apparently utilized by the court in determining the appropriate award at trial. Finally, the record indicates the trial court made its calculation of child support with the input and assent of both parties.

The record does not trace the steps used by the trial court in arriving at the support figure; however, the proof at trial supports the following calculation: A combined monthly income of $1338 gives rise to a $240 per month basic child support obligation under Form 14, subject to an increase of $151 per month for the custodial parent's reasonable work-related child care costs. The modified child support on this basis could be determined as high as $391 per month. Allocating this expense proportionally to each parent on the basis of his or her percentage of the combined income, as required by Rule 88.01, results in Father's support obligation of approximately $270 per month. The trial court ordered a total of $320 per month, which expressly included an additional amount to cover Father's share of purchasing health insurance for the child. Health insurance coverage is not included in the basic support figure, derived from Form 14. *See* Form No. 14 Directions for Use, Comment (A). The modified child support order is supported by Mother's Form 14 and by the evidence. Father's claim of error fails.

We affirm.

CRIST and AHRENS, JJ., concur.