**Mary E. GAUNTER and Kenneth D. Gaunter, Plaintiffs–Appellants,**

v.

**Izora SHELTON, Defendant–Respondent.**

No. 62902.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 31, 1993.

Wilson Gray, St. Louis, for appellant.

Armstrong, Teasdale, Schlafly & Davis, G.L. Rutledge, J.L. Stockberger and A.B. Mayfield, St. Louis, for respondent.

KAROHL, Judge.

Plaintiffs attempt to appeal from an October 15, 1992 order which granted defendant's motion to enforce settlement. Defendant filed a motion to dismiss the appeal which was to be taken with the case. Appeal dismissed.

Plaintiffs sued defendant for personal injuries sustained in a parking lot collision that occurred on November 14, 1986. The jury

trial on the action was in its second day when, on July 21, 1992, the parties, their counsel, and the trial judge signed the following:

> Come Now the plaintiffs' (sic), Mary Gaunter and Kenneth Gaunter and defendant Izora Shelton Liggins and pass the above matter for settlement. Said settlement for $4,000 at defendant's costs.

On August 20, 1992, plaintiffs moved to set aside the settlement. Defendant subsequently filed a motion to enforce settlement. On October 15, 1992, the court granted defendant's motion to enforce the settlement and, by implication, overruled the plaintiffs' motion to set it aside. The order read:

> Defendant's Motion To Enforce Settlement called, heard and is hereby granted. Defendant's Motion for attorney's fees and costs is denied. Plaintiffs are ordered to properly execute the settlement agreement and Release and Stipulation for Dismissal in the above cause.

Plaintiffs first ask this court to decide whether there is a valid compromise and settlement without compulsion. In their reply brief, however, they contend the validity of the enforcement order rather than the validity of the settlement is at issue.

The right of appeal is statutory, and appeal may be taken only from a final judgment. Section 512.020 RSMo 1986. Until there is a final judgment, this court lacks jurisdiction to consider the merits. The order passing on the settlement, the implied order denying plaintiffs' motion to set aside the settlement, and the order granting defendant's motion to enforce the settlement are all interlocutory. There was never an order dismissing the proceedings or finally disposing of the cause. Nor was there a judgment on the settlement or in the nature of sanctions.

Other prerequisites to the right to appeal include the need that a party be "aggrieved" by a judgment. Section 512.020. Generally, a judgment, order or decree entered by consent of the parties is not a judicial determination of rights but a recital of an agreement and cannot be appealed. Section 511.020 RSMo 1986, *State ex rel.*

*Fletcher v. New Amsterdam Casualty Co.,* 430 S.W.2d 642, 645 (Mo.App.1968). Furthermore, a party is typically not "aggrieved" by an order entered pursuant to a voluntary settlement agreement. *Norwood v. Norwood,* 813 S.W.2d 29, 30 (Mo.App.1991). Absent an allegation of fraud, mistake or overreaching, a motion to set aside settlement confirms the fact that the settlement and the approval by the court was a matter involving plaintiffs' consent and request. *State ex rel. Fletcher v. New Amsterdam Casualty Co.,* 430 S.W.2d 642, 645 (Mo.App.1968).

In *Fletcher,* the court chose to treat the settlement as a final order, with "considerable hesitation," but held that the plaintiff had not yet been aggrieved. *Id.* Plaintiffs cannot be aggrieved where there is no final judicial determination of rights. Jurisdiction for appeal does not lie where unresolved issues remain before the trial court. The petition has not been dismissed. The court has not entered a judgment on the settlement. No order has been made the subject of a sanction.

Plaintiffs' appeal is dismissed. Defendant's motion for damages for frivolous appeal pursuant to Rule 84.19 is denied.

CRANE, P.J., and PUDLOWSKI, J., concur.