Helmut F. STEIN and Dorthea
Stein, Appellants,

v.

Stephen L. TRAMPE, et al., Respondents.

No. 65967.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 2, 1995.

Warren W. Friedman, Garry McCubbin, St. Louis, for appellants.

Stephen C. Murphy, St. Louis, for respondents.

AHRENS, Presiding Judge.

Plaintiffs, Helmut and Dorthea Stein, appeal from an order which granted defendants' motion to enforce settlement. Defendants include Stephen Trampe, Floyd and Martha Sweeney, and Stephen and Patricia Notestine. Appeal dismissed.

In 1984, plaintiffs entered into an agreement to sell an apartment building to defendants. Defendants assumed the mortgage and they executed a promissory note to plaintiffs, secured by a second deed of trust on the property. In 1992, plaintiffs brought an action against defendants for default on the note. Defendants counterclaimed alleging misrepresentation in the sale. On the day of trial, September 1, 1993, the attorneys for the parties discussed the possibility of settlement of the case. No written settlement or memorandum was drawn up or signed. The cause was passed for settlement. Later, defendants filed a motion to enforce settlement, with a Release and Settlement Agreement attached which, according to defendants, reflected the terms of the settlement. At the hearing on the matter, plaintiffs contended that the settlement offer of September 1 was merely an offer which was not accepted. They believed that acceptance of the offer was conditional upon finding the condition of the property acceptable after inspection by plaintiffs. They further contended at the hearing that they never approved the condition of the building so that the settlement never took effect. They stated that they never signed a settlement agreement.

The trial court found that the case had been settled on September 1, subject to plaintiff's right to approve the property. The court did not find Mr. Stein's testimony

credible that the property was unsatisfactory. In its order, the court granted defendants' motion to enforce settlement.

Before addressing the issues on appeal, this court has a duty to determine sua sponte its jurisdiction. *Shanklin v. Grey Eagle Distrib., Inc.*, 864 S.W.2d 422, 423 (Mo.App.1993). The right to appeal is statutory, and appeal may be taken only from a final judgment. Section 512.020 RSMo 1994. Until there is a final judgment, this court lacks jurisdiction to consider the merits. The order granting defendants' motion to enforce the settlement only is interlocutory. *Gaunter v. Shelton*, 860 S.W.2d 843, 844 (Mo. App.1993).

Jurisdiction for appeal does not lie where unresolved issues remain before the trial court. *Id.* The petition has not been dismissed. The court has not entered a judgment on the settlement, and no order has been made the subject of a sanction.

Plaintiffs' appeal is dismissed.

SIMON and KAROHL, JJ., concur.