**Vernon J. BAUMAN and Geraldine Ann Bauman, Plaintiffs/Respondents,**

v.

**Robert L. MONIA, et al., Defendants/Appellants.**

No. 66766.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 29, 1995.

Diana M. Schmidt, St. Louis, for appellants.

Thomas W. Blair, Ste. Genevieve, MO, for respondents.

RHODES, Judge.

Robert, Patti and Louise Monia ("Defendants") appeal from the trial court's order granting Vernon and Geraldine Baumans' ("Plaintiffs") motion to compel settlement

and denying Defendants' request for reconsideration. We dismiss the appeal as premature.

On April 25, 1989, Plaintiffs filed suit for partition of certain real property. The defendants included as follows: the above-named Monia family members, who owned the subject property as tenants in common with Plaintiffs; Andrew Mead, the holder of a judgment against Mr. Monia; the Sheriff of St. Francois County, who executed and levied upon the property on behalf of Mr. Mead; and Milton J. Schnebelen, the trustee for Bob and Bertha Camp, who were the holders of a note secured by a deed of trust on the property.

On the day this matter was set for trial, December 10, 1993, Plaintiffs and Defendant Robert Monia, with their respective attorneys, met and entered into a written settlement agreement. The parties stipulated to the settlement of the case and to the entry of a court order as follows:

(1) All of the right, title and interest of the defendants in and to the 17.44 acres described in the plaintiffs' petition shall be conveyed by warranty deed to the plaintiffs on or before December 20, 1993 upon the payment to the defendants jointly of the sum of $11,250.00 by immediately available funds.

(2) That upon the closing of the above transaction, each of the parties shall be fully & completely released by the other for all sums, claims, causes of action and suits related to the property described in plaintiff's petition.

(3) Costs of the action to be assessed to plaintiffs, paid from the deposit.

(4) The court shall order the parties to perform this stipulation & execute any and all documents necessary to carry it out.

(5) The parties agree that the property is not susceptible of division in kind without prejudice to the parties.

The agreement was approved and ordered by the judge that same day with a docket entry.

On December 23, 1993, three days after the agreed upon performance date, Plaintiffs notified Defendants by letter of their readiness to tender performance upon execution of the proposed warranty deed. The record does not reflect any further attempts at performance by either party.[1]

On January 3, 1994, Plaintiffs filed a motion to enforce settlement. The court granted Plaintiffs' motion on July 6, 1994, ordering the parties to comply with the settlement agreement and execute the exchange within a month's time. On August 4, 1994, Defendants filed a motion for reconsideration asking the court to set the settlement agreement aside. It is from the court's order denying this motion and ordering compliance with the settlement agreement from which Defendants appeal.

■ This court has a duty to determine *sua sponte* whether it has jurisdiction to entertain the appeal. *Stein v. Trampe*, 897 S.W.2d 209, 210 (Mo.App.1995). The right of appeal is purely statutory. *Id.* Section 512.020 RSMo 1994 provides two possible bases for appellate jurisdiction under the facts of this case. The first allows an aggrieved party to appeal "from any final judgment in the case." The second grants appeals "from any interlocutory judgments in actions of partition which determine the rights of the parties." This court lacks appellate jurisdiction under both provisions.

■ In order for a judgment to be final and appealable, it must dispose of all parties and all issues in the case and leave nothing for further determination. *Calvert v. Latimer*, 670 S.W.2d 588, 590 (Mo.App.1984). A court's order enforcing a settlement agreement and denying a party's motion to set aside a settlement is considered interlocutory. *Stein v. Trampe*, 897 S.W.2d 209, 210 (Mo.App.1995); *Gaunter v. Shelton*, 860 S.W.2d 843, 844 (Mo.App.1993). Until there is an order dismissing the proceedings or disposing of the cause as final, the trial court retains jurisdiction. *Stein*, 897 S.W.2d at 210; *Gaunter*, 860 S.W.2d at 844.

■ The legal file in this case shows Plaintiffs' cause has not been dismissed or dis-

---

1. Due to this court's disposition of this case on appeal, we express no judgment on the merits of whether Plaintiffs' actions were timely or constituted proper tender.

posed of through a final judgment. Filing a memorandum of settlement or passing the cause for settlement is not a final judgment, even if approved and ordered by the judge. *See Estate of Knapp by and through Igoe v. Newhouse,* 894 S.W.2d 204, 205–07 (Mo.App. 1995). In *Estate of Knapp,* this court noted that, when a case is passed for settlement, the settlement agreement itself becomes an accord executory, *i.e.* an agreement to release an existing claim upon performance. *Id.* at 207. The matter remains before the court until dismissed. *Id.* at 206.

■ Plaintiffs' cause has not been dismissed by the court or the parties. Indeed, the parties, in the memorandum agreement, provided the release of all causes of action contingent upon them conveying the real estate and tendering payment. The parties have not yet performed the agreement, and therefore, the cause remains pending. In addition, although a motion for sanctions was filed by Plaintiffs, no order entered thus far could be made the subject of sanctions.

Likewise, there is no appellate jurisdiction under the exception in § 512.020 RSMo 1994 allowing appeals from interlocutory orders in partition suits in which the rights of the parties have been determined. This provision has been construed as only allowing appeals from interlocutory judgments in partition cases when there is a determination of title or quantum of interest in the subject real estate. *First Nat'l Bank of Carrollton v. Eucalyptus,* 721 S.W.2d 165, 166–67 (Mo. App.1986).

■ The record shows the individual interests of the parties in the real estate have not been resolved.[2] Appellate jurisdiction is therefore improper when all parties' interests or rights have not been determined. *See, e.g., Paulus v. Lipe,* 688 S.W.2d 405, 406 (Mo.App.1985), in which the appeal was dismissed as the lower court had not completed the interlocutory decree by determining with

particularity the rights and interests of the parties in the subject property.

Appeal dismissed.

SMITH, P.J., and GARY M. GAERTNER, J., concur.

---

**2.** Neither party addresses the interests of the other named defendants who may possess claims to the real estate. All party defendants were served and are still parties of record. Defendants Andrew Mead and the Sheriff of St. Francois County filed an answer to Plaintiffs' petition; however, the parties have failed to favor us with a copy in their respective legal files. Until all their interests are disposed of by dismissal, by participation in the settlement agreement, or by the court's express determination there is no just reason for delay, there may be no final judgment for purposes of appeal.