Sharon WARREN, Appellant,

v.

Curtis B. WARREN, Respondent.

Sharon WARREN, Respondent,

v.

Curtis WARREN, Appellant.

No. WD 50335.

Missouri Court of Appeals, Western District.

Nov. 21, 1995.

Milt Harper, Columbia, Attorney for Appellant.

Joan Gummels, Columbia, Attorney for Respondent.

Before SMART, P.J., and LOWENSTEIN and BERREY, JJ.

LOWENSTEIN, Judge.

Husband Curtis Warren and Wife Sharon Warren both appeal from an order modifying their marriage dissolution decree. Sharon appeals the trial court's award of child support. Curtis appeals the denial of his motion for contempt against Sharon for violation of a child visitation order, and he appeals the modification of the visitation arrangement.

Sharon and Curtis Warren were married in 1985. In 1987, their daughter Arianne was born. Their marriage was dissolved by decree on May 7, 1991. Sharon was given custody of Arianne, and Curtis was ordered to pay $578.78 per month in child support. Curtis was granted reasonable visitation.

On June 28, 1994 Curtis filed a motion for contempt alleging that Sharon had refused to allow him visitation with Arianne. On July

19, 1994, Sharon filed a response to the motion and her own motion to modify child support to $916 per month. On July 27, Curtis filed a counter-motion to modify. Two hearings on the motions followed.

On November 15, 1994, the trial court entered an order denying Curtis's motion for contempt, ordering Curtis to pay $115 per month for health insurance for Arianne on top of the previous support amount, and modifying visitation to "phase in" Curtis's contact with Arianne through a plan by a child custody expert.

The appeals followed.

## I. Child Support

In three points, Sharon advances five arguments against the trial court's award of child support at $693.78/month. One of these arguments is dispositive, so the rest need not be addressed.

Sharon alleges error because the court's award varied from the Form 14 presumed amount without a specific finding in writing or on the record that "the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate." Rule 88.01(e).

Sharon is correct. Modification of support may be had "only upon a showing of changed circumstances so substantial and continuing as to make the terms [of the existing order] unreasonable." § 452.370.1, RSMo. (1994). The court below attempted to modify the child support, so must have found substantial and continuing changed circumstances. Using the parties' Form 14's and the evidence adduced at trial, the court should next have accepted or rejected the Form 14's of the parties or figured its own Form 14 and applied the relevant factors in Rule 88.01 to determine the amount of child support. "When the party seeking modification has met [its] burden of proof, then Rule 88.01 and Form 14 are to be followed again to reset the award." *Marra v. Marra*, 857 S.W.2d 520, 522 (Mo.App.1993).

It is clear that the court did not use a Form 14 because the amount of the court's award does not follow from the income and health insurance figures in its finding when

the figures are entered on a Form 14. Furthermore, the court simply added Curtis's share of the health insurance costs to the previous support amount, rather than figuring the costs into the Form 14 as the form provides. If the court did in fact use Form 14 but intended to deviate from its presumed amount, it erred because the reasons for the deviation should have been made clear on the record or in writing. Rule 88.01.

This court cannot reconstruct the Form 14 calculus or infer any possible deviation with any certainty. Therefore, this court must send the matter back for the trial court to award an amount consistent with the Form 14 or explain any deviation.

It should be noted that the amount submitted by Sharon to make a *prima facie* case is not necessarily the presumed correct amount. Rather, the presumed amount is reached when the court evaluates the evidence and both parties' Form 14's and sets the award. "[T]he amount of child support established *by using Form 14, assuming the evidence supports the figures on the form*, is the amount to be awarded" [emphasis added]. *Marra*, 857 S.W.2d at 522.

After it determines the presumed award amount, Rule 88.01 directs the court to consider "all relevant factors, including [ (a)-(e) as enumerated in the rule]." If the relevant factors lead the court to feel that the presumed amount is "unjust or inappropriate," then the court may modify the award if it explains its reasoning explicitly. Rule 88.01.

Upon remand, after a finding that it rejects the parties' Form 14's, the court should apply Rule 88.01, Form 14, and § 452.370, RSMo. (1994) to set the child support amount at the appropriate level.

## II. Contempt

Curtis argues that the trial court erred when it did not find Sharon in contempt for a violation of visitation. The court denied the motion, saying that there was "no showing of willfulness."

The standard of review is as follows:

In matters pertaining to visitation rights, this court gives deference to the trial court's assessment of what serves the best interests of the child and that judgment should be reversed only if it lacks substantial evidence to support it, it is against the weight of the evidence or erroneously declares or applies the law ... Furthermore, in child custody and visitation cases, courts are reluctant to impose the harsh sanction of contempt upon a parent absent a finding that disobedience of a court order is willful and intentional. *Shoemaker v. Shoemaker,* 812 S.W.2d 250, 253 (Mo.App.1991) (citations omitted).

■ Although there was evidence to support a finding of contempt, the trial court was not bound to believe that evidence. Furthermore, this court views the evidence in the light most favorable to the result reached. There was ample evidence to support the trial court's decision.

The evidence at trial indicated that Curtis and Sharon had agreed to a visitation schedule recommended by a visitation expert, but that Curtis had failed to follow the schedule to phase-in his visits with Arianne as planned. *After his contact with Arianne dwindled, the schedule was abandoned entirely;* Sharon's actions did not compel a finding of contempt.

### III. Visitation

Curtis's other point is that the trial court erred in ordering a modification of visitation in that it restricted Curtis's visitation without finding that a substantial change of circumstances had occurred since the dissolution decree.

■ This point is somewhat baffling, since the trial court need not find a "substantial change of circumstances," but rather is free to modify an order granting or denying visitation rights "whenever modification would serve the best interests of the child." § 452.400.2, RSMo. (1994). Curtis cites no authority which would require a substantial change of circumstances before a court could exercise the large amount of discretion given it in visitation cases.

There is nothing in the record to suggest that the court considered anything other than the best interests of the child. Point denied.

The judgment is affirmed in part and reversed in part and remanded for proceedings in accordance with this opinion.

All concur.