**In the ESTATE OF Delores A. COUCH, Deceased.**

**Harold COUCH and Robert Couch, Personal Representatives, Appellants,**

v.

**WESTERN SURETY, John R. Bless, Respondents.**

No. WD 51683.

Missouri Court of Appeals, Western District.

April 16, 1996.

James W. Farley, Mark A. Hubbard, Platte City, for appellants.

Bernard L. Balkin, Saphronia R. Young, Sandler, Balkin, Hellman, Weinstein & Witten,, Kansas City, for respondents.

Before ULRICH, P.J., and
BRECKENRIDGE and SMITH, JJ.

ULRICH, Judge.

Harold Couch and Robert Couch, personal representatives of the Dolores Couch Estate, appeal the order of the probate court granting Western Surety Company's (Western Surety) motion for partial summary judgment for exceptions designated "K" through "Q" on the co-personal representatives' objections to annual settlement and final settlement filed December 28, 1994. The court had conducted a hearing on April 3, 1993, and heard evidence on the claims of the Conservator of the Estate of Delores Couch for payment for time spent by him on estate matters addressed in the objections. The court allowed the Conservator fees for his claims by order on April 16, 1993. The personal representatives claim that their objections were not res judicata because the previous hearing on the fees was interlocutory in nature and subject to review by the probate court upon final settlement. They also claim that summary judgment was improper because their objections assert material issues of fact.

John L. Bless, public administrator, was appointed limited guardian and full conservator of Delores Couch on October 10, 1990. On December 7, 1992, Ms. Couch passed away. Mr. Bless filed an annual settlement for the estate covering the period from November 25, 1991, to October 26, 1992. On March 22, 1993, he filed a motion for payment of conservator fees and attorney fees. The probate court sent notice of hearing to Harold and Robert Couch.

On April 9, 1993, the court heard evidence on Bless' motion for fees. Harold and Robert Couch were present, represented by counsel and participated in the hearing. The Couches' attorney cross examined the witness from the nursing home who testified to the contact with Mr. Bless and his required visits. He also extensively cross examined Mr. Bless regarding the charges he was submitting, the manner in which he recorded his time, and his hourly rate. The Couches also testified. The court issued an order on April 16, 1993, partially approving Mr. Bless' fees in the amount of $8,666.25.[1] No appeal or post trial motions were made. Mr. Bless made payment to himself for the fees approved by the court one week after the order was entered.

Mr. Bless filed a final settlement for the conservatorship estate on May 6, 1993, for the period of November 9, 1992, to May 4, 1993. On June 8, 1993, the court issued an order that letters of administration not be issued and for the conservator to close the estate. However, this was improper under section 475.320.2 RSMo 1994 and on July 7, 1993, Harold and Robert Couch were appointed personal representatives of their mother's estate.

---

1. Mr. Bless motion requested payment for his services in the amount of $9,161.25

On May 2, 1994, the court suspended Mr. Bless' authority to act as conservator of the estate. Mr. Bless offered no evidence in response to the court's show cause order, and he tendered his resignation as conservator of all the estates for which he served, including Ms. Couch's.

Not until December 28, 1994, nineteen months later, did Harold and Robert Couch, as personal representatives of the Delores Couch Estate, file objections to the final settlement which had been filed on May 6, 1993. Assertions made in paragraphs "K" through "O" of the Couches' "Objections to Annual Settlement and Final Settlement" were objections to hourly fee charges claimed by the limited guardian and full conservator of Delores Couch and were items previously dealt with at the April 9 1993, hearing. "P" contested the total expenditure encompassing those raised within objections "K" through "O". Assertion "Q" alleged a general objection to every other expenditure shown on the final settlement.

On April 14, 1995, Western Casualty filed a motion for partial summary judgment for the exceptions designated "K" through "Q" on the objections to annual settlement and final settlement. Harold and Robert Couch filed a motion to vacate and rehear the courts' April 16, 1993, order on April 28, 1995, almost two years after the final settlement was filed.

The probate court granted partial summary judgment in favor of Western Casualty on paragraphs "K" through "Q" of the objections to final settlement on May 19, 1995. On August 24, 1995, the Court issued findings of fact, conclusions of law and its order and judgment on the remaining exceptions recited in paragraph four of the personal representative's objections to annual settlement and final settlement. The Court found Mr. Bless should be surcharged for the amounts contained in paragraph four, sub-paragraphs "A" and "B" of the Couches' objections, that expenditures contained in "C" through "J" of the objections should be approved and that the objections to expenditures contained in paragraph four, "K" through "P" are barred by the doctrine of res judicata as set forth in the earlier order. Objection "Q" was found to be too general.

The personal representatives appeal from the order granting partial summary judgment in favor of the conservator. While the parties refer to the motion as a motion for summary judgment and the order as an order of summary judgment, these references are inappropriate. The motion for summary judgment constituted suggestions in opposition to the objections to the final settlement filed by the personal representatives. Therefore, the order of the court granting partial summary judgment was an order overruling those objections specified in the order.

■ This court's duty includes determining sua sponte whether it has jurisdiction to entertain the appeal. *Bauman v. Monia,* 905 S.W.2d 127, 128 (Mo.App.1995). No ruling as to paragraph five of the objections has been issued, and the record reflects that the final settlement has not been approved. Where the record demonstrates the trial court's judgment is not final, the appeal must be dismissed as premature. *Estate of Hazel Johnson,* 912 S.W.2d 560, 561 (Mo.App.1995).

### The Award of the Conservator's Fee is not Res Judicata

■ The court overruled the objections to the final settlement stating that objections "K" through "P" of paragraph four were res judicata and that those items could not be considered again by the court. The personal representatives of the deceased ward claim that those items decided by order after a hearing cannot be res judicata in that they were not a final order since still subject to modification by the court.

Section 472.150 RSMO 1995 provides:

[T]he court may vacate or modify its orders, judgments or decrees, or grant a rehearing therein, except that no such power shall exist as to any orders, judgments or decrees from which an appeal has been taken, prior to a final disposition thereof on such appeal . . .

■ In this case no appeal was taken. Orders of the probate court are interlocutory until approval of the final settlement. *Rich v. Class,* 643 S.W.2d 872, 877 (Mo.App.1982).

■ Although many of the probate court's orders are interlocutory and not subject to appeal until final disposition, Section 472.160 RSMo (1995), provides a list of exceptions.[2] Under this statute an aggrieved party may appeal from an order of the probate court. An order allowing for the expenses of administration is one of the exceptions provided. While this statute allows a party to appeal a probate order and thereby make it a final disposition, appeal is not mandatory. The legislature by using the term "may" provides a second opportunity for appeal in those situations delineated.

■ Without an appeal being taken, the order of April 16, 1993, allowing the conservators' fees was still subject to review by the court. Only if an appeal is taken before final disposition is review of the order precluded by the probate court. Section 472.150 RSMo 1995. The administration is considered one action and the whole matter is within the purview of the probate court until final determination. *In re Estate of Bacheller*, 437 S.W.2d 132, 136 (Mo.App.1968). Therefore, the issues before the court in the April 9, 1993, hearing are not res judicata and can be considered upon final settlement.

This not being an action for summary judgment, although titled as such, the appellants' second point is disregarded.

Appeal dismissed.

All concur.

---

2. 472.160 provides for appeal in the following cases:

(1) On the allowance of any claim against the estate exceeding one hundred dollars;

(2) On all settlements of the personal representative;

(3) On all apportionments among creditors, legatees, or distributees;

(4) On all orders directing the payment of legacies, making distribution or making allowances to the surviving spouse or unmarried minor children;

(5) On all orders for the sale of assets of the probate estate;

(6) On all orders for the sale of real estate;

(7) On judgments for waste;

(8) On proceedings to recover balances escheated to the state;

(9) On all orders revoking letters testamentary or of administration;

(10) On orders making allowances for the expenses of administration;

(11) On orders for the specific execution of contracts;

(12) On orders compelling legatees and distributees to refund;

(13) On all orders denying any of the forgoing requested actions;

(14) In all other cases where there is a final order or judgment of the probate division of the circuit court under this code except orders admitting or rejecting wills from probate.