**The KOENIG LAW FIRM, L.L.C., Respondent,**

v.

**JAMES A. RAHM, L.L.C., Appellant.**

**No. WD 66439.**

Missouri Court of Appeals, Western District.

July 31, 2007.

**644**

James P. Barton, Jr., Esq., Marshall, MO, for appellant.

Matthew J. O'Connor, Esq., Kansas City, MO, for respondent.

Before HARDWICK, P.J., ULRICH and NEWTON, JJ.

LISA WHITE HARDWICK, Judge.

This appeal arises from a proceeding on a motion to set aside default judgment. Because no final judgment was entered, we dismiss the appeal for lack of jurisdiction.

On May 4, 2005, Michael Koenig, as a principal of the Koenig Law Firm, L.L.C. ("Koenig"), filed a petition for declaratory judgment against James A. Rahm, L.L.C. ("Rahm") in Daviess County Circuit Court. Rahm entered a special appearance in the matter and filed a "Motion for Transfer of the Case to Proper Venue." The court denied the motion by docket entry on July 7, 2005.

On August 11, 2005, Koenig filed a Motion for Default Judgment, alleging that Rahm had failed to file an answer within thirty days of the denial of venue transfer motion. Following a hearing, the court granted the default motion. On Septem-ber 28, 2005, the court entered a default judgment awarding Koenig $16,566.66 in attorney's fees from the automobile accident settlement.

On October 11, 2005, Rahm filed a Motion to Set Aside Default Judgment. Although the trial court had not ruled on the motion, Rahm filed a Notice of Appeal on January 18, 2006.

We lack jurisdiction to consider the appeal because the trial court has not rendered a final judgment on the Motion to Set Aside Default Judgment. Rahm's motion was an "independent action" even though it was filed within thirty days of the default judgment. *In re Marriage of Coonts*, 190 S.W.3d 590, 603–04 (Mo.App. 2006); Rule 74.05(d)[1]. As such, a final judgment must be entered before any ruling on the motion is appealable. Section 512.020.(5), RSMo. (Cum.Supp.2006). In this case, we have neither a ruling on the motion to set aside, nor a judgment or decree as required by Rule 74.01. Without a final judgment, we must dismiss the appeal for lack of appellate jurisdiction. *Coonts*, 190 S.W.3d at 604.

The appeal is dismissed.[2]

All concur.

---

1. All rule citations are to Missouri Rules of Civil Procedure (2007) unless otherwise noted.

2. Upon obtaining a judgment pursuant to Rule 74.01, Rahm may again seek to appeal. Further delay may be minimized by requesting an expedited appeal.