## STATE of Missouri, ex rel., Jeremiah W. NIXON, Attorney General State of Missouri, Respondent,

v.

## Billy RAMSEY, Appellant.

### No. WD 68281.

Missouri Court of Appeals, Western District.

Feb. 5, 2008.

Billy Ramsey, Cameron, for Appellant Acting pro se.

Paul Harper, Jefferson City, Counsel for Respondent.

Before HAROLD L. LOWENSTEIN, P.J., JOSEPH M. ELLIS, and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Mr. Billy Ramsey appeals the judgment granting the State's petition for reimbursement for incarceration against him. He argues that the trial court erred in granting the petition because the State did not meet the statutory requirement set forth in section 217.827(1)(b)b [1] of the Missouri Incarceration Reimbursement Act (MIRA). We dismiss the appeal.

**Factual and Procedural Background**

Mr. Billy Ramsey was originally incarcerated in 1977 at a Missouri correctional facility until 1991 when he was transferred to a Nebraska correctional facility through an interstate compact. In January 2006, he returned to the Missouri correctional facility where he remains at the time of this appeal. The State of Nebraska issued a check to Mr. Ramsey for $1,526.92, which was deposited into his inmate account in January 2007.

On January 16, 2007, the State filed its petition for reimbursement alleging that it spends approximately $14,000.00 a year for each inmate and claimed that the costs of Mr. Ramsey's incarceration up to the date of the petition was $15,286.12. The State also alleged that it had good cause to believe that it would recover not less than either ten percent of the estimated cost of care or ten percent of the costs of care for Mr. Ramsey for two years, whichever amount was less. It listed the check received from the Nebraska Department of Corrections as his asset. The State also requested that Mr. Ramsey's inmate account and other assets be placed in receivership.

On January 18, 2007, the trial court froze his assets, issued an ex parte order appointing a receiver, and ordered Mr. Ramsey to show cause by March 6, 2007, why the State should not be reimbursed. The State filed additional documents with the trial court reporting $43,312.18 in expenditures for Mr. Ramsey's incarceration from August 12, 1977, to March 6, 2007. Mr. Ramsey failed to respond by the deadline. The trial court issued a judgment and order granting the State reimbursement for the past expenditures and future costs for incarceration on March 6, 2007.

---

1. All statutory references are to RSMo 2000 and the Cumulative Supplement 2006.

Mr. Ramsey filed a Petition for Order to Amend Judgment for Plain Error and Direct Appeal on March 29, 2007. In the petition, he requested that the trial court amend its judgment because the funds were a product of his work release program while incarcerated in Nebraska pursuant to an interstate compact. The trial court did not rule on the petition.

On appeal from the judgment, Mr. Ramsey argues that the trial court erred in granting the State's petition for reimbursement because his funds from the Nebraska correctional facility were exempt from the definition of an asset under MIRA and because it relied on the wrong Missouri Department of Corrections Departmental Policy. The State argues that Mr. Ramsey's appeal should be dismissed "because he failed to appeal a denial of a motion to set aside [default judgment]." The State also argues that even if his motion amounts to a motion to set aside the default judgment, Mr. Ramsey's point should be denied because the motion fails to comply with Rule 74.05.[2]

### Legal Analysis

This court has determined that a judgment entered after a litigant fails to respond or otherwise defend an action is a default judgment. *State ex rel. Nixon v. McGee*, 213 S.W.3d 730, 731 (Mo.App. W.D.2007). Mr. Ramsey failed to respond to the show cause order, so the Order and Judgment issued on March 6, 2007, is a default judgment. Upon entering a default judgment, the trial court has jurisdiction to set it aside on its own motion pursuant to Rule 75.01 or in response to a motion under Rule 74.05(d). *In re Marriage of Coonts*, 190 S.W.3d 590, 604 (Mo. App. S.D.2006). Rule 74.05(d) grants relief from a default judgment to those who demonstrate good cause and a meritorious defense. In reviewing Mr. Ramsey's petition, it is difficult to determine whether the Petition for Order to Amend Judgment for Plain Error and Direct Appeal can be treated as a motion to set aside the default judgment.

However, because the trial court did not rule on the petition, we do not have to characterize his petition. An action to set aside a default judgment is an independent action from the default judgment, so the trial court was required to make a ruling in compliance with Rule 74.01 on Mr. Ramsey's petition. Rule 74.05(d); *see Koenig Law Firm, L.L.C. v. James A. Rahm, L.L.C.*, 229 S.W.3d 643, 644 (Mo. App. W.D.2007). Absent such a ruling, there is no decision from which Mr. Ramsey can appeal.[3] *See Koenig Law Firm*, 229 S.W.3d at 644. This court lacks jurisdiction to review an appeal without a final judgment. *Id.* Therefore, the appeal is dismissed. *See id.*

HAROLD L. LOWENSTEIN, P.J., and JOSEPH M. ELLIS, J. concur.

---

2. All rule references are to Missouri Rules of Civil Procedure (2007), unless otherwise indicated.

3. An appeal can be taken from the default judgment to challenge the subject matter jurisdiction of the court or the sufficiency of the petition. *State ex rel. Nixon v. McGee*, 213 S.W.3d 730, 732 (Mo.App. W.D.2007). Mr. Ramsey does not argue that the trial court lacked subject matter jurisdiction. Although his appeal could be considered a challenge to the sufficiency of the petition, the law is not definite as to whether a MIRA petition can be voided if the State fails to meet the "good cause" requirement of section 217.831.3. *State ex rel. Nixon v. Peterson*, No. WD67494, 2007 WL 2088609, —— S.W.3d —— (Mo.App. W.D. July 24, 2007), *transfer granted by* Mo. S.Ct. (Sep. 25, 2007).