## ST. LOUIS UNION STATION HOLDINGS, INC.,
### Appellant,

### v.

## THE DISCOVERY CHANNEL STORE, INC., Respondent.

### No. ED 91374.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 30, 2008.

David O. Kreuter, Clayton, MO, for appellant.

Mark F. Hearne, II, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

St. Louis Union Station Holdings, Inc. ("Plaintiff") appeals from the trial court's order granting The Discovery Channel Store, Inc.'s ("Defendant") Motion to Enforce Settlement. Appeal dismissed.

### Background

On September 5, 2007, Plaintiff sued Defendant, its tenant, for unpaid rent allegedly due under the parties' commercial real estate lease. In its petition, Plaintiff alleged that, pursuant to the terms of a written lease dated April 16, 1998, Defendant was obligated to pay Plaintiff annual rent of $123,228, in equal monthly installments, through January 31, 2011. Plaintiff further alleged that Defendant abandoned the leased premises and ceased paying rent in August 2007. In its answer filed November 9, 2007, Defendant admitted to abandoning the premises, but denied

Plaintiff's allegations for damages over $25,000 arguing that Plaintiff failed to mitigate damages, acted in bad faith, and that its claim was barred by the applicable statute of limitations. Prior to trial on January 18, 2008, Defendant filed a Motion To Enforce Settlement, in which it claimed that the parties had reached a settlement agreement via email on September 21, 2007. After a hearing on Defendant's motion, the trial court issued an "Order and Judgment" granting the motion on April 4, 2008. In its order, the trial court stated:

> THEREFORE, it is Ordered and Decreed that Defendant's Motion to Enforce Settlement is GRANTED. The parties are to comply with the terms of the agreement reached September 21, 2007 by the execution of a Settlement Agreement and Release and the payment of the agreed upon sum, after which plaintiff is to dismiss its claim with prejudice.

Plaintiff filed its notice of appeal on May 12, 2008. On June 20, 2008, this Court issued an order requiring Plaintiff "to show cause ... why its appeal should not be dismissed for lack of a final, appealable judgment."

## Discussion

■ Before addressing the merits of an appeal, this Court has the duty to *sua sponte* determine its jurisdiction. *Ford Motor Credit Co. v. Updegraff,* 218 S.W.3d 617, 620 (Mo.App. W.D.2007). "The right of appeal is statutory and appeal may only be taken from a final judgment." *Gibson v. Ferguson–Florissant School Dist.,* 906 S.W.2d 417, 417 (Mo.App. E.D.1995) (quotation omitted); Mo.Rev.Stat. § 512.020 (2000). Accordingly, we must dismiss any appeal taken from a judgment that is not final. *Boley v. Knowles,* 905 S.W.2d 86, 88 (Mo. banc 1995).

■ An order granting a motion to enforce settlement is not a final, appealable judgment. *Gaunter v. Shelton,* 860 S.W.2d 843, 844 (Mo.App. E.D.1993). Instead, it is interlocutory and becomes final only after the trial court has entered a judgment on the settlement and dismissed the underlying petition. *Id.; see also Stein v. Trampe,* 897 S.W.2d 209, 210 (Mo. App. E.D.1995).

■ Plaintiff argues that the trial court's order was a final judgment. Plaintiff relies on *Bestor v. American National Stores, Inc.,* which is factually distinguishable and does not govern the instant case. 691 S.W.2d 384 (Mo.App. E.D.1985). In *Bestor,* this Court held that the trial court's ruling, which ordered plaintiffs to specifically perform an "accord and satisfaction," was a final judgment for purposes of appeal. *Id.* at 386. In *Bestor,* we expressly noted that the defendants had raised "accord and satisfaction" in their answer as an affirmative defense and that the trial court's ruling in favor of the defendants disposed of all of plaintiffs' claims. *Id.* In the instant case, Defendant did not raise "accord and satisfaction" as an affirmative defense. Rather, its Motion to Enforce Settlement created an equity action collateral to the underlying suit. *See Home Ins. Co. v. Carmar Group, Inc.,* 926 S.W.2d 564, 568 (Mo.App. S.D.1996). Although the trial court ruled on the collateral action, it did not enter a judgment on the underlying suit. Indeed, the trial court's order directs the parties to execute the settlement agreement, "after which plaintiff is to dismiss its claim with prejudice."

■ Plaintiff also contends that the trial court's order was a final judgment because it was denominated "Judgment" as required by Rule 74.01. However, a trial court's designation of an order as a judgment is not conclusive with respect to its

finality. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). "It is the content, substance, and effect of the order that determines finality and appealabilty." *Id.* As discussed above, the trial court's order left issues unresolved and did not dispose of the underlying suit. Accordingly, it is not a final judgment for purposes of appeal.

### Conclusion

Plaintiff's appeal is dismissed.

KURT S. ODENWALD, P.J., and GLENN A. NORTON, J., Concur.