Theresa PARKER, Respondent/Cross–
Appellant,

v.

AMERICAN PUBLISHING CO., et. al.,
Appellants/Cross–Respondents.

Nos. ED 92334, ED 92386.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 29, 2010.

Thomas R. Carnes, St. Louis, MO, for
appellants.

D.B. Amon, St. Charles, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

### Introduction

In this tort action, defendants DeAmon
White and The Firm Entertainment Group
appeal. The plaintiff, Theresa Parker,
cross-appeals. Because the trial court's
March 10, 2008 order denying the defendants' motion to set aside the interlocutory
order of default is not an independent,
final judgment, and because the trial
court's October 31, 2008 judgment is not a

final, appealable judgment, we dismiss the appeal.

### Factual and Procedural Background

The plaintiff filed a six-count first amended petition seeking damages against eight defendants for libel, slander, tortious interference, and defamation of character.[1] Four of the defendants—DeAmon White, Maurice Rankin, William Hart, and The Firm Entertainment Group, L.L.C. ("the defendants")—were served but did not answer or otherwise respond to the petition.[2] The trial court found the defendants in default and entered an interlocutory order of default against them on April 10, 2007.

On plaintiff's motion for inquiry, the trial court held a hearing on April 18, 2007. At the end of the hearing, the court took the matter under submission. In the late summer and early fall of 2007, the defendants moved to set aside the interlocutory order of default. The trial court denied the defendants' request, by order entered on March 10, 2008.

Two other series of events are important for purposes of this appeal. First, shortly after the trial court denied the defendants' motion to set aside, the plaintiff sought leave to amend by interlineation certain language in her first amended petition. The trial court granted the plaintiff's re-

1. Specifically, the defendants named and served were: American Publishing Corporation, Leamon J. Beene (aka Delores Shante), Radio One, Inc., Craig Shields (aka Craig Blac), DeAmon White, Maurice Rankin, William Hart, and The Firm Entertainment Group, L.L.C. The petition, although not a model of clarity, sets out the following six counts:

 Count I: Libel—Print Media. The plaintiff initially stated she was bringing this action against all defendants. However, in her prayer for relief under this count, she specifically identified defendants American Publishing Corporation, Leamon J. Beene, Maurice Rankin, William Hart, "William Hart," and The Firm Entertainment Group, L.L.C. The plaintiff identified a second defendant "William Hart" in the body and her prayer for relief under this count, despite the fact she had not named, or served, a second "William Hart." In the body of her petition under this count, the plaintiff additionally referred to defendant DeAmon White, as well as defendant "Maurice White," despite the fact she had not named, or served, a "Maurice White."

 Count II: Libel—Internet. The plaintiff initially stated she was bringing this action against all defendants. However, in her prayer for relief under this count, she specifically identified defendants American Publishing Corporation, Leamon J. Beene, Maurice Rankin, William Hart, "William Hart," and The Firm Entertainment Group, L.L.C. The plaintiff again referred to a sec-

 ond defendant "William Hart" in the body and prayer for relief under this count, despite the fact she had not named, or served, a second "William Hart."

 Count III: Slander—Radio. Against defendants Radio One, Inc., Craig Shields, Maurice Rankin, William Hart, "William Hart," and The Firm Entertainment Group. The plaintiff again referred to a second defendant "William Hart" in the body and prayer for relief under this count, despite the fact she had not named, or served, a second "William Hart." She also referred to defendant "AOI," despite the fact she had not named, or served, any such-named defendant.

 Count IV: Tortious Interference. Against "defendants."

 Count V: Tortious Interference. Against defendants DeAmon White, "Maurice White," William Hart, and The Firm Entertainment Group. The plaintiff referred to defendant "Maurice White" in the body of the petition and the prayer for relief under this count, despite the fact she had not named, or served, a defendant "Maurice White."

 Count VI: Defamation of Character. Against "defendants."

2. The other four defendants—American Publishing Corporation, Leamon J. Beene (aka Delores Shante), Radio One, Inc., and Craig Shields (aka Craig Blac)—answered the petition. These defendants later settled with the plaintiff, and the plaintiff dismissed with prejudice her claims against them.

quest. The defendants then filed answers to what they termed to be plaintiff's "first amended petition further amended by interlineation." The plaintiff moved to strike these answers. The defendants countered, contending the plaintiff had abandoned her first amended petition and the default judgment when she amended her petition by interlineation. The trial court found that the plaintiff's addition did not materially change her original cause of action or introduce a new or additional claim of relief. Thus, the court concluded that the plaintiff had not abandoned her default judgment, and that the defaulting defendants were not entitled to file answers. Consequently, the court struck the defendants' answers.

The next event of note came on October 6, 2008, when the defendants requested a jury trial to assess damages. The trial court denied the defendants' request as untimely, noting the court had already held a hearing on damages on April 18, 2007.

The trial court entered judgment in the case on October 31, 2008. The court first addressed liability, concluding that under Missouri's laws pertaining to limited liability companies, defendants William Hart and Maurice Rankin could not be held liable for the acts of defendant DeAmon White and, thus, no damages could be assessed against those two parties.[3] Rather, the court concluded that all damages resulting from the conduct of DeAmon White must be assessed against Mr. White and The Firm Entertainment Group. The court then addressed the counts of the plaintiff's petition and assessed damages. On Count I, the court assessed damages and granted judgment against defendants DeAmon White and The Firm Entertainment Group, jointly and severally, in the amount of $25,000. On Count II, the court assessed damages and granted judgment against defendants DeAmon White and The Firm Entertainment Group, jointly and severally, in the amount of $25,000. On Count III, the court found that the alleged statement, upon which the claim was based, did not sufficiently identify the plaintiff to result in damages. Thus, the court assessed no damages for the conduct alleged in Count III. And finally, on Count IV, the court found the damages sought in that count were the same damages as in Count I and Count II. Therefore, the court assessed no damages under Count IV. The court did not explicitly address either Count V or Count VI.

The plaintiff as well as defendants DeAmon White and The Firm Entertainment Group appealed. The plaintiff asserts that all four defendants should be held liable. Defendants White and The Firm Entertainment Group advance three points of trial-court error. First, they contend the trial court erred in denying their motion to set aside the interlocutory order of default. Second, they contend the trial court erred in striking their answers, filed after the plaintiff amended her petition by interlineation. And third, they argue the trial court erred in denying their request for a jury trial to assess damages. We cannot reach the merits of any of these points on appeal.

### Discussion

■ In every case, before considering claims raised on appeal, this Court has a

---

**3.** According to the plaintiff's first amended petition, the alleged conduct giving rise to plaintiff's claims was performed by DeAmon White, alleged to be an owner/operator of a night club doing business as The Firm Entertainment Group, L.L.C. The plaintiff alleged that defendants William Hart and Maurice Rankin were also owners/operators of that same night club.

duty to *sua sponte* determine whether we have authority to decide the appeal. *Acclaim Systems, Inc. v. Lohutko*, 247 S.W.3d 601, 603 (Mo.App. E.D.2008); *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). That determination in this case requires us to look at two different rulings by the trial court—the March 10, 2008 order denying the defendants' motion to set aside and the October 31, 2008 judgment. For distinct reasons, we have no authority to review either ruling. We shall discuss each in turn.

### March 10, 2008 Order

 The defendants allege the trial court erred in denying their motion to set aside the interlocutory order of default. The defendants filed their motion pursuant to Rule 74.05(d), which provides that "an interlocutory order of default or a default judgment" may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown." Rule 74.05(d). The Rule further provides that a motion filed under Rule 74.05(d) is an independent action. Rule 74.05; *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 687 (Mo. banc 2007); *In re Marriage of Coonts*, 190 S.W.3d 590 (Mo.App. S.D.2006). A determination made on the basis of Rule 74.05(d) requires an independent, final judgment for purposes of appeal. *Dixon v. Thompson*, 235 S.W.3d 568, 570 (Mo. App. S.D.,2007); *Koenig Law Firm, L.L.C. v. James A. Rahm, L.L.C.*, 229 S.W.3d 643, 644 (Mo.App. W.D.2007); Section 512.020(5).

The trial court denied the defendants' motion by order. That order is not de-nominated as a "judgment" or "decree," as required by Rule 74.01(a).[4] The trial court's ruling, therefore, is not an independent judgment. And because the trial court's ruling is not a judgment, there is no final judgment for purposes of appeal. Without an independent, final judgment, the trial court's determination regarding the defendants' motion to set aside is not subject to appellate review, and we must dismiss the point. *Dixon*, 235 S.W.3d at 571; *Koenig Law Firm*, 229 S.W.3d at 644; *Coonts*, 190 S.W.3d at 604. Accordingly, we dismiss the defendants' first point on appeal. This, then, leaves the remaining two points of the defendants' appeal, as well as the plaintiff's appeal, all taken from the trial court's October 31, 2008 judgment.

### October 31, 2008 Judgment

 As mentioned, before this Court can consider the merits of an appeal, we first must determine our authority to do so. *S & P Properties, Inc. v. Bannister*, 292 S.W.3d 404, 407 (Mo.App. E.D.2009). A final judgment is a prerequisite to appellate review. *Comm. for Educ. Equality*, 878 S.W.2d at 450; *S & P Properties*, 292 S.W.3d at 407; Section 512.020(5). If there is no final judgment, this Court must dismiss the appeal. *Avidan v. Transit Cas. Co.*, 20 S.W.3d 521, 523 (Mo. banc 2000); *In re Marriage of Boden*, 136 S.W.3d 824, 825 (Mo.App. E.D.2004). A final judgment disposes of all parties and all issues in the case and leaves nothing for future consideration. *Avidan*, 20 S.W.3d at 523; *S & P Properties*, 292 S.W.3d at 407; *see also* Rule 74.01(b).[5]

---

4. Rule 74.01(a) provides, in pertinent part, that "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed."

5. Rule 74.01(b) provides an exception to the finality rule, permitting a trial court to enter judgment as to "one or more but fewer than all of the claims or parties," when more than one claim for relief is presented or when multiple parties are involved in an action, and

■ Here, the trial court's October 31, 2008 judgment does not dispose of all the claims and issues presented by the plaintiff's first amended petition. That petition consisted of six counts. The record does not show a disposition of Count VI.[6] The October 31, 2008 judgment is not a final judgment. As a result, we must dismiss the appeal for lack of a final, appealable judgment.

In sum, because the trial court's March 10, 2008 order is not an independent, final judgment, and because the trial court's October 31, 2008 judgment is not a final, appealable judgment, we dismiss the appeal.[7]

GLENN A. NORTON, P.J., and MARY K. HOFF, J., concur.

---

to certify such judgment as final for purposes for appeal upon an express determination that there is "no just reason for delay." This exception, however, does not apply in this case.

6. When the trial court rendered judgment as to Count IV, it may have implicitly disposed of Count V, which alleges the same tortious conduct as Count IV but narrows the focus to certain named defendants. Upon remand, the disposition of Count V should be clarified. In addition, the petition may contain parties whose names are erroneously repeated and parties who are erroneously named. Upon remand, the plaintiff should address these matters.

7. We strongly urge plaintiff's counsel to review Rule 84.04 before submitting further briefs to this Court. An appellant's compliance with the briefing requirements of Rule 84.04 is mandatory. *Thornton v. City of Kirkwood*, 161 S.W.3d 916, 919 (Mo.App. E.D. 2005). "Failure to substantially comply with Rule 84.04 preserves nothing for our review and warrants dismissal of the appeal." *Culley v. Royal Oaks Chrysler Jeep, Inc.*, 216 S.W.3d 235, 236 (Mo.App. E.D.2007). The plaintiff's brief on cross-appeal is wholly deficient. Counsel's failure to substantially comply with the rules of appellate procedure would have warranted dismissal of the plaintiff's cross-appeal in this case, had we not dismissed for lack of final, appealable judgment. We deny all pending motions before this Court.