**STATE of Missouri, ex rel. AMERICAN BOUVIER DES FLANDRES, CLUB, INC, Relator,**

v.

**Honorable Michael T. JAMISON, Respondent.**

**No. ED 100407.**

Missouri Court of Appeals,
Eastern District,
Writ Division I.

Nov. 12, 2013.

---

**5.** As our resolution of Point I requires the reversal of any damages awarded against Husband, Point II is moot.

Kevin Dudley, Patric Linden, Ryan Vanfleet, Kansas City, MO, for relator.

Allen Press, Bradley Schneider, Clayton, MO, for respondent.

LISA S. VAN AMBURG, Presiding Judge.

## INTRODUCTION

American Bouvier Des Flandres Club, Inc. ("Relator") has filed a Petition for Writ of Prohibition along with Suggestions in Support with Exhibits, requesting that this Court prohibit the Honorable Michael T. Jamison, Judge of the Circuit Court of St. Louis County ("Respondent"), from compelling Relator to execute a settlement agreement pursuant to its order dated August 09, 2013. Respondent filed an answer. In accordance with Rule 84.24(j) and (1), this Court dispenses with further briefing and oral argument and makes the preliminary order in prohibition permanent.

## FACTS

In December 2011, Lynn and Greg Vellios ("Plaintiffs") filed their first amended petition against Relator, asserting claims arising from Relator's decision to suspend their membership from Relator's organization, a voluntary association of owners and breeders of Bouvier des Flandres, a breed of dog. On March 8, 2013, Plaintiffs and Relator participated in private mediation in an effort to resolve the dispute. After mediation concluded Plaintiffs filed a motion to enforce settlement, wherein they argued a settlement had been reached during the mediation, and attached evidence in support. Relator, in turn, filed an op-

posing motion, and submitted exhibits and affidavits to support its position that a final settlement had not been reached. Thereafter, Respondent heard oral arguments on the matter on May 3, 2013. The arguments were not on the record. After this hearing, Respondent granted Plaintiffs' motion to enforce settlement.

Relator subsequently filed a motion to set aside Respondent's initial order. Plaintiffs filed a motion in opposition. On August 9, 2013, Respondent held a hearing on the matter, which again was not on the record, and denied Relator's motion in a signed order which was entitled "Judgment." The order further stated: "The parties shall execute a final settlement agreement consistent with the terms set forth in the Motion to Enforce Settlement within 30 days. The Court deems this a final appealable order." Relator now petitions this court for a Writ of Prohibition.

## DISCUSSION

"The extraordinary remedy of a writ of prohibition is appropriate in one of three circumstances: (1) to prevent the usurpation of judicial power when the trial court lacks jurisdiction; (2) to remedy [an] excess of jurisdiction or an abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not made available in response to the trial court's order." *State ex rel. Nothum v. Walsh*, 380 S.W.3d 557, 561 (Mo. banc 2012) (quoting *State ex rel. Proctor v. Bryson*, 100 S.W.3d 775, 776 (Mo. banc 2003)). Prohibition cannot be used as a substitute for an appeal or to undo erroneous judicial proceedings that have already been accomplished. *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo.

banc 1991). We will not substitute our judgment or discretion for that of the trial court when it is properly vested with the authority to act and exercises its discretion within the legitimate boundaries of its authority. *Id.* But where an order that is complained of cannot be reached and adequately corrected through an ordinary appeal, a peremptory writ may be granted to prevent irreparable harm. *See Chicago, R.I. & P. Ry. Co. v. Woodson*, 110 Mo.App. 208, 85 S.W. 105, 106 (1905). Thus, a writ of prohibition may be used "to restrain further enforcement of orders that are beyond or in excess of a [court's] authority," and "undo acts done in excess of a court's authority as long as some part of the court's duties in the matter remain to be performed ..." *State ex rel. Cohen McNeile & Pappas, P.C. v. Blankenship*, 375 S.W.3d 233, 234–235 (Mo.App. S.D. 2012) (quoting *State ex rel. Missouri Pub. Defender Comm'n v. Pratte*, 298 S.W.3d 870, 880 (Mo. banc 2009)).

Relator argues, inter alia, that the trial court abused its discretion and exceeded its authority in granting Plaintiffs' motion to enforce settlement by issuing an order compelling Relator to sign a settlement agreement. We agree.

A motion to enforce settlement may be decided in one of three ways. *Eaton v. Mallinckrodt, Inc.*, 224 S.W.3d 596, 599 (Mo. banc 2007). First, the trial court may hold an evidentiary hearing[1] on the motion to determine the disputed facts and then enter judgment after taking evidence to prove the agreement and considering any defenses the non-moving party may proffer. *Id.* Second, the court may dispose of the motion on the pleadings pursuant to Rule 55.27. *Id.* Finally, the

---

1. And that hearing should be on the record when the evidentiary basis for the circuit court's decision is otherwise unclear. *See,*

*e.g. Kinder v. Dir. of Revenue*, 895 S.W.2d 627, 629 (Mo.App. E.D.1995).

court may treat the motion as one for summary judgment pursuant to Rule 74.04. *Id.*

 "An order granting a motion to enforce settlement is not a final, appealable judgment." *St. Louis Union Station Holdings, Inc. v. The Discovery Channel Store, Inc.,* 272 S.W.3d 504, 505 (Mo.App. E.D.2008). It is interlocutory and does not become final until after the trial court has entered a judgment on the settlement and dismissed the underlying petition. *Id.* This is true, regardless of whether a trial court designates its order to be a "final judgment." *Id.* at 505–506.

Here, Respondent did not decide Plaintiffs' motion to enforce settlement in one of the three ways allowed or dismiss the underlying petition. Instead, Respondent issued an order compelling Relator to execute a final settlement agreement "within 30 days" and retained jurisdiction over the case. Consequently, Relator is forced to choose to either: (1) obey the order and thereby waive its right to appeal the existence of a settlement agreement or (2) disobey the order and face the imposition of sanctions or an order of contempt. *See, e.g., Southwest Parts Supply, Inc. v. Winterer,* 360 S.W.3d 349, 355 (Mo.App. E.D. 2012) (recognizing a trial court's power to sanction a party refusing to abide by its order granting a motion to enforce a settlement agreement).

Although it is up to Respondent to determine which of the three avenues he wishes to pursue in deciding Plaintiffs' motion to enforce settlement, he must do so in a manner that does not compel Relator to choose between executing the settlement agreement and thereby losing his right to appeal, or refusing to comply with the order to preserve his right to appeal, thereby subjecting himself to possible sanctions. *See Kenney v. Vansittert,* 277 S.W.3d 713, 723 (Mo.App. W.D.2008) (recognizing a trial court's order may not place a party in a "double bind" of having to choose between losing a right to appeal or acting in contempt of court). Therefore, we prohibit Respondent from enforcing the court's order dated August 9, 2013. Respondent is ordered to take further action consistent with this opinion.

### CONCLUSION

Accordingly, the Court makes the preliminary order in prohibition permanent.

SHERRI B. SULLIVAN, and KURT S. ODENWALD, JR., JJ., concur.

