

# In the Missouri Court of Appeals
# Eastern District

## DIVISION III

| | | |
|---|---|---|
| KAREN HIDRITCH-HAMANN, | ) | No. ED100008 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Franklin County |
| vs. | ) | |
| | ) | Honorable Robert D. Schollmeyer |
| DAVID HIDRITCH and | ) | |
| HIDRITCH PROPERTIES, LLC, | ) | |
| | ) | |
| Appellants. | ) | FILED: February 4, 2014 |

### Introduction

David Hidritch ("Hidritch") and Hidritch Properties, LLC (collectively, "Appellants") appeal from the judgment of the trial court granting Karen Hidritch-Hamann's ("Respondent") Motion to Dismiss, dismissing Appellants' Counter Petition, and denying Appellants' Motion to Enforce Settlement, Motion for Relief from Judgment, and Motion for Attorneys' Fees. We dismiss the appeal for lack of a final judgment.

### Factual and Procedural History

In 2008, Respondent filed a seven-count petition against Appellants alleging that Appellants used undue influence and other illicit means to induce Hidritch and Respondent's mother to transfer cash, personal property, and the Hidritch family farm to Appellants.

1

Respondent alleged that Appellants' conduct deprived her of her fifty percent interest in the cash, personal property, and family farm to which she was entitled.

On January 9, 2012, Hidritch was deposed by counsel for Respondent. During the course of the deposition, settlement talks began and on January 10, 2012, a settlement was reached. The material terms of the settlement were stated by counsel for Respondent and transcribed by a court reporter as follows:

> The Defendant, David, has agreed to pay the Plaintiff, Karen, $437,500. And in exchange for that, she will execute a settlement agreement and general release of all claims arising out of the dispute over the family property, the farm, acreage that's described in the petition, along with the other personal property that's referred to there. And in addition to that she will quitclaim her interest by deed in five acres that were conveyed to her by her mother Irene to David Hidritch.
> . . .
> Let's agree then, have you agree, that this process will occur ***during the next 60 days which is the time that we agreed for you to apply for and receive a bank loan to pay the settlement proceeds***.
> . . .
> And then that the Defendants . . . agree to have judgment entered in the amount of the monetary settlement so that if the payment is not made within the time permitted, it will be filed of record and become a judgment lien against the farm for the settlement amount.

(emphasis added). Both parties agreed to the terms of the settlement on the record.

Thereafter, the parties attempted to reduce the settlement agreement to writing. Counsel for Respondent prepared the initial draft ("draft settlement agreement"), incorporated a few changes requested by Appellants, then sent the draft settlement agreement to Appellants for their signatures. The draft settlement agreement was never signed by Appellants.

On February 15, 2012, counsel for Appellants notified Respondent that Appellants had been denied a bank loan for the $437,500 in settlement proceeds. Shortly thereafter, on February 24, 2012, Respondent filed her Motion to Enforce Settlement Agreement and Enter Judgment Against Defendants. Respondent asserted that she and Appellants had reached a settlement on

January 10, 2012, that required Appellants to make a cash payment of $437,500 to Respondent on or before March 10, 2012. Respondent further claimed that Appellants had announced their intention not to pay the settlement amount. Therefore, Respondent requested the trial court to enter an order enforcing the settlement agreement and ordering Appellants to pay the settlement amount plus interest and attorneys' fees.

Respondent's Motion to Enforce Settlement Agreement and Enter Judgment Against Defendants was called up for hearing on March 12, 2012. At the hearing, Respondent argued that Appellants and Respondent reached a settlement agreement on January 10, 2012, and that the material terms of the agreement were reduced to a writing, which Appellant never signed. In response, Appellants argued that the settlement agreement was conditioned upon Appellants receiving a bank loan to pay the settlement proceeds, and because Appellants were unable to secure a loan, no enforceable agreement existed between the parties.

The trial court granted Respondent's motion, finding that there was a settlement agreement between the parties. On March 19, 2012, the trial court filed an Entry of Judgment ordering Appellants to pay Respondent the sum of $437,500 plus $5000 in attorneys' fees for a total of $442,500, plus interest. The judgment also allowed the sheriff to levy and execute on Appellants' farm to satisfy the judgment.

On or before July 12, 2012, Appellants sold the farm and used the proceeds to pay Respondent $442,500, plus interest. Respondent accepted the payment. On December 27, 2012, Appellants sent a letter to Respondent's attorney requesting that Respondent deed Appellants the five-acre tract identified in the settlement agreement and execute a mutual release of all claims in accordance with the settlement agreement. Respondent refused to deed the five-acre tract to Appellants or execute a mutual release. On February 21, 2013, Appellants then filed their

3

Motion to Enforce Settlement, Motion for Relief from Judgment, Counter Petition, and Motion for Attorneys' Fees. In their Motion to Enforce Settlement, Motion for Relief from Judgment, and Counter Petition, Appellants averred that although the trial court found an enforceable agreement between the parties and granted Respondent's Motion to Enforce Settlement Agreement, Respondent had not performed her obligations under the settlement agreement. Accordingly, Appellants asked the trial court to order Respondent to deed the five-acre tract to Appellants and to execute a mutual release pursuant to the settlement agreement.

On June 21, 2013, the trial court entered its Order and Judgment dismissing Appellants' Counter Petition with prejudice and denying Appellants' Motion to Enforce Settlement, Motion for Relief from Judgment, and Motion for Attorneys' Fees. The trial court found that its March 19, 2012 Entry of Judgment was a final judgment for purposes of appeal and deemed Appellants' Counter Petition and Motion to Enforce Settlement improper collateral attacks on a final judgment and barred by *res judicata*. Appellants appeal from the June 21, 2013 Order and Judgment.

Discussion

Before we address the merits of an appeal, this Court has the duty to *sua sponte* determine its jurisdiction. St. Louis Union Station Holdings, Inc. v. Discovery Channel Store, Inc., 272 S.W.3d 504, 505 (Mo. App. E.D. 2008). A final judgment is a prerequisite to appellate jurisdiction. Ndegwa v. KSSO, LLC, 371 S.W.3d 798, 801 (Mo. banc 2012). Accordingly, if the trial court's judgment was not a final judgment, we must dismiss the appeal. Id.

To be final for purposes of appeal, a judgment must dispose of all issues and parties in a case, leaving nothing for future determination. Columbia Mut. Ins. Co. v. Epstein, 200 S.W.3d 547, 549 (Mo. App. E.D. 2006). A motion to compel settlement adds a collateral action to a

4

pending action for specific performance of the settlement agreement.  Precision Invs., L.L.C. v. Cornerstone Propane, L.P., 220 S.W.3d 301, 303 (Mo. banc 2007).  The pending action remains open, and the trial court retains jurisdiction, until the pending action is actually dismissed by the trial court.  McKean v. St. Louis Cnty., 964 S.W.2d 470, 471 (Mo. App. E.D. 1998).  Accordingly, an order granting a motion to compel settlement is not a final, appealable judgment.  St. Louis Union Station Holdings, Inc., 272 S.W.3d at 505.  Instead, it is interlocutory and becomes final only after the trial court has entered a judgment on the settlement and dismissed the underlying petition.  Id.; see also Sw. Parts Supply, Inc. v. Winterer, 360 S.W.3d 349, 353 (Mo. App. E.D. 2012).

The record before us reveals that the underlying cause of action brought in this matter by Respondent has never been dismissed.  Respondent's Motion to Enforce Settlement Agreement and Enter Judgment Against Defendants added a collateral action to her cause of action against Appellants for specific performance of the settlement agreement.  See Precision Invs., L.L.C., 220 S.W.3d at 303.  When the trial court filed its March 19, 2012 Entry of Judgment granting Respondent's motion and ordering enforcement of the settlement agreement, it did not dismiss Respondent's seven-count petition against Appellants.  Neither does the record contain a voluntary memorandum of dismissal filed by the parties.  The lack of a dismissal of Respondent's cause of action precludes the March 19, 2012 Entry of Judgment from being final for purposes of appeal, and Respondent's seven-count petition against Appellants remained pending.  See St. Louis Union Station Holdings, Inc., 272 S.W.3d at 505.

On June 21, 2013, the trial court entered its Order and Judgment dismissing Appellants' Counter Petition and denying Appellants' Motion to Enforce Settlement[1] on the ground that the trial court lacked jurisdiction to consider them because its March 19, 2012 Entry of Judgment

[1] The judgment also denied Appellants' Motion for Relief from Judgment and Motion for Attorneys' Fees.

5

was a final judgment. Although the trial court's June 21, 2013 Order and Judgment dismissed the Counter-Petition, the Order and Judgment did not dismiss the initial petition filed by Respondents, again depriving this Court of a final judgment from which the parties may appeal. Because the March 19, 2012 Entry of Judgment was not a final judgment, the trial court erred in denying Appellants' motions and dismissing their Counter Petition on this ground. However, because the June 21, 2013 Order and Judgment also does not constitute a final judgment, we lack jurisdiction to hear this appeal and must dismiss.

"Jurisdiction for appeal does not lie where unresolved issues remain before the trial court." Stein v. Trampe, 897 S.W.2d 209, 210 (Mo. App. E.D. 1995). The trial court's June 21, 2013 Order and Judgment denying Appellants' motions and dismissing its Counter Petition did not alter the fact that Respondent's underlying action against Appellants has never been dismissed and remains pending. Although the trial court issued an "Entry of Judgment" dated March 19, 2012 relating to the settlement agreement entered into by the parties and evidenced by the January 10, 2012 transcript, because the underlying petition has not been dismissed, there is not yet a final judgment from which the parties may appeal.

## Conclusion

Because neither the March 19, 2012 Entry of Judgment nor the June 21, 2013 Order and Judgment constitutes a final judgment from which an appeal may lie, this Court lacks jurisdiction, and the appeal is dismissed.

_____
Kurt S. Odenwald, Judge

Mary K. Hoff, P.J., Concurs
Angela T. Quigless, J., Concurs

6