# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01673-COA

LEE W. ULMER                                                        APPELLANT

v.

TRACKER MARINE, LLC D/B/A TRACKER                         APPELLEES
MARINE GROUP D/B/A TRAVIS BOATING
CENTER, MAKO MARINE INTERNATIONAL,
INC. AND TRAVIS BOATING CENTER
MISSISSIPPI, LLC

| | |
|---|---|
| DATE OF JUDGMENT: | 09/25/2013 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ELMER LOUIS FONDREN JR. |
| ATTORNEYS FOR APPELLEES: | JAMES J. MCNAMARA IV |
| | RICHARD JARRAD GARNER |
| | G. ROBERT PARROTT II |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | APPELLANT'S MOTION DENIED AND ORDER TO ENFORCE SETTLEMENT ISSUED |
| DISPOSITION: | APPEAL DISMISSED - 01/06/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND ISHEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     In August 2004, Lee Ulmer purchased a 2004 Fishmaster boat with a Suzuki 225 horsepower motor, along with a Mako Marine boat trailer, from Travis Boating Center Mississippi LLC (Travis Boating), an agent of Tracker Marine LLC.  After some problems with the boat, Ulmer filed a complaint on August 30, 2007, against Tracker Marine LLC, Mako International Inc., and Travis Boating (Appellees), alleging breach of contract and

negligence. He later amended his complaint to include a claim that Appellees had misrepresented and intentionally concealed that the boat was not manufactured by Mako, but instead by Kenner.

¶2. Tracker Marine eventually offered to replace the boat with an updated and more expensive model, a 2012 Mako 234 fishing boat. The parties agreed to a settlement on July 27, 2011, the terms of which included Ulmer's receiving the replacement 2012 Mako boat and trailer and $5,000 in attorney's fees. In exchange, Ulmer agreed to sign a mutual release and dismiss the case with prejudice. On July 15, 2012, Ulmer filed a motion requesting that the circuit court set a date for delivery of the replacement boat/trailer package and payment of attorney's fees.

¶3. On August 16, 2012, Ulmer was notified that his replacement boat was ready. Per the terms of the agreement, he and his designated expert were allowed to inspect the boat and take it for a test drive, which they did on three occasions before Ulmer took possession of the boat on October 30, 2012. The Appellees expressed their willingness to remit the $5,000 in attorney's fees once Ulmer signed the mutual release and settlement agreement. However, Ulmer refused to sign the release. On March 14, 2013, Ulmer filed a motion to enforce a fair settlement, claiming that the replacement boat had a manufacturing defect – the hull on the port side measured higher than the starboard side.

¶4. On July 24, 2013, the Appellees filed their response to Ulmer's motion, requesting that the circuit court deny the motion and enforce the July 27, 2011 settlement. After a hearing, the circuit court entered an order to enforce the 2011 settlement, concluding that the

2

Appellees had "met their obligations under the settlement." The circuit court ordered Ulmer to execute a release within ten days, which would allow Appellees to tender a check for Ulmer's attorney's fees. The Appellees were ordered to submit an order of dismissal for entry by the circuit court.

¶5.    Rather than comply with the court's order, however, Ulmer filed a notice of appeal on October 3, 2013, from the circuit court's order to enforce the settlement.[1]  Ulmer complains that he should not have been ordered to take a defective replacement boat, and the Appellees are guilty of intentional or negligent misrepresentation. The Appellees filed a motion to dismiss the appeal, arguing that the order to enforce the settlement, from which Ulmer has appealed, is not a final, enforceable judgment. *See* M.R.A.P. 2(a). The Appellees further contend that the circuit court's findings were not erroneous and that they had "fulfilled their primary obligations under the [s]ettlement[.]"

¶6.    Finding that the order to enforce the settlement was interlocutory, and not a final, appealable judgment, we dismiss for lack of jurisdiction.

## DISCUSSION

**Whether Ulmer's appeal should be dismissed for lack of jurisdiction.**

¶7.    Before we can discuss the merits of Ulmer's appeal, we must first address the issue of jurisdiction. The Appellees have entered a motion to dismiss Ulmer's appeal, arguing that

---

[1] Ulmer also filed a separate action against the Appellees in the County Court of Jackson County, alleging causes of actions related to the defective hull of the replacement Mako boat.

his appeal is from an interlocutory order, not a final judgment.

> An interlocutory judgment . . . leaves for future determination an equity of the case, or some material question connected with it. A judgment is interlocutory, as opposed to final, only when something further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties. Accordingly, where further action of the court is necessary to give a complete adjudication upon the merits, the judgment under which the further question arises is to be regarded, not as final, but as interlocutory.

*Fortune v. Lee Cnty Bd. of Sup'rs.*, 725 So. 2d 747, 750-751 (Miss. 1998) (quoting 46 Am. Jur. 2d *Judgments* § 202 (1994)). Specifically, they assert that the September 23, 2013 order to enforce the settlement was not a final order.

¶8.    The question of whether an order to enforce a settlement is a final judgment has not been explicitly addressed in Mississippi. However, in a recent case, *Williams v. Homecomings Financial Network Inc.*, 134 So. 3d 779, 781 (¶8) (Miss. Ct. App. 2013), we observed that after the chancellor had entered an order granting Homecoming's motion to enforce the settlement, the Williamses filed an *interlocutory appeal* with our supreme court, which was denied. *See also Hastings v. Guillot*, 825 So. 2d 20, 22 (¶9) (Miss. 2002) (considering an appeal after the trial court entered an order granting a motion to enforce a settlement and "then entered a final order enforcing the settlement and dismissing the case.").

¶9.    Other jurisdictions, nevertheless, have expressly held that an order enforcing a settlement is interlocutory. In *State ex rel. American Bouvier Des Flanders, Club, Inc. v. Jamison*, 413 S.W.3d 359, 362 (Mo. Ct. App. 2013), the Missouri Court of Appeals held:

> "An order granting a motion to enforce settlement is not a final, appealable judgment." *St. Louis-Union Station Holdings Inc. v. The Discovery Channel*

4

*Store Inc.,* 272 S.W.3d 504, 505 (Mo. Ct. App. 2008). It is interlocutory and does not become final until after the trial court has entered a judgment on the settlement and dismissed the underlying petition. *Id.* This is true, regardless of whether a trial court designates its order to be a "final judgment." *Id.* at 505-506.

*See also Rogers v. Salem Leasing Corp.*, 881 So. 2d 728, 729 (Fla. Dist. Ct. App. 2004) (dismissing appeal "because the order on appeal merely grants the parties' motions to enforce a settlement agreement," and is, therefore, not a final order" (per curiam)); *Brown v. MHC Stagecoach LLC*, 301 P.3d 850, 853 (Nev. 2013) (stating that an order granting a motion to enforce a settlement was an interlocutory order).

¶10.    The United States Court of Appeals for the Fifth Circuit also ruled that a bankruptcy court's denial of a motion to enforce a settlement "was interlocutory because, *after it ruled on the enforceability of the settlement agreement*, the bankruptcy court *was still left with an adversary proceeding*, namely [the plaintiff's] initial complaint to determine dischargeablity and his motion seeking relief from the discharge order, that must be resolved." *In re Holloway*, 370 Fed. App'x. 490, 493 (5th Cir. 2010) (emphasis added).[2]

---

[2] We have located a few cases that have treated an interlocutory order to enforce a settlement as an appealable final judgment, when it has created a situation where the plaintiff suffered irreparable injury. In *Volz v. Hertz Rent-A-Car*, 552 So. 2d 1311, 1313 (5th Cir. 1989), the Fifth Circuit Court of Appeals exercised jurisdiction over an interlocutory order granting a motion for enforcement of a settlement, because Louisiana statutory law states that "an interlocutory judgment may be appealed if it may cause irreparable injury." (Citing LSA-C.C.P. art. 2083). *But see Washington v. Washington*, 506 So. 2d 845, 846 (La. Ct. App. 1987) (granting appellee's motion to dismiss for lack of jurisdiction because appellant did not prove interlocutory judgment "may cause irreparable injury"). However, we note that these cases still consider such an order interlocutory in nature. Furthermore, no such law concerning "irreparable injury" exists in Mississippi.

¶11. Therefore, the question of appellate jurisdiction focuses on whether the order to enforce the settlement disposes of all the claims against the parties. In the September 25, 2013 order to enforce the settlement, the Jackson County Circuit Court held: "ORDERED that the plaintiff execute the release within ten (10) days of the date of this Order. After the release is executed, the defendants will have (10) days to tender the attorney fees to the plaintiff *and submit an Order of Dismissal for entry by the Court*." (Emphasis added). Thus, the order did not discharge the claims against the Appellees, as made evident by the circuit court's request that the Appellees submit an order of dismissal.

¶12. In his reply brief, Ulmer argues that by signing the release, he would "destroy[] his right to maintain his claim and right of civil action as to the defective boat." We disagree. Although this Court was only provided the first page of the mutual release and settlement agreement, it clearly states that it "fully settles all claims or disputes" that pertain to the specific civil action filed in the Jackson County Circuit Court, "including any and all claims that in any way pertain to that certain 2004 22-foot Fishmaster boat, serial number KENFM036B404[.]" Thus, as the Appellees note in their supplemental reply in support of the motion to dismiss the appeal, the subject order "releases Ulmer's claims in the underlying matter, all of which involved his prior boat. If Ulmer believes his new boat is defective, he is not precluded from pursuing a warranty claim pursuant to the warranty he took upon his acceptance and possession of the new boat."

¶13. We find this Court lacks jurisdiction to consider Ulmer's appeal, as the order appealed from was interlocutory, and we grant the Appellees' motion to dismiss.

6

¶14.    **THIS APPEAL IS DISMISSED.    ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**