

# In the Missouri Court of Appeals
# Eastern District
## DIVISION FOUR

| | | |
|---|---|---|
| CHARLES ROBERTS, | ) | No. ED111313 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 21SL-CC04280 |
| | ) | |
| THE RESERVE AT HERITAGE, LLC, | ) | Honorable Kristine A. Kerr |
| JEFFREY FELDMAN, AND CRAIG | ) | |
| BERGER, | ) | |
| | ) | |
| Respondents. | ) | Filed: November 14, 2023 |

Before Thomas C. Clark, II, C.J., James M. Dowd, J., and John P. Torbitzky, J.

## Opinion

On September 13, 2021, appellant Charles Roberts, a maintenance worker at Respondents' apartment building, filed suit through counsel against his employer, Respondents The Reserve at Heritage, Jeffrey Feldman (vice president of operations), and Craig Berger (managing member), for violations of the Missouri Minimum Wage Law and for breach of contract after Respondents failed to pay Roberts pursuant to section 290.505 for hundreds of hours of overtime at "a rate not less than one and one-half times" his regular hourly rate.

Three days after Roberts filed suit, Feldman called Roberts and broached the topic of settlement. Feldman suggested they "sit down and try to work this out together before a lawyer is involved." A few days later, on September 20, 2021, Feldman called Roberts into the office and they orally settled the case whereby Roberts would receive $3,000 in exchange for his

agreement to dismiss his lawsuit. Roberts did not inform his own attorney regarding these meetings or the settlement. Feldman, for his part, brought in the company attorney to draft a formal written settlement agreement which the parties executed on September 29, 2021. Again, neither Roberts nor Respondents' counsel notified Roberts' attorney regarding these matters.

For several months after cashing the $3,000 check, Roberts failed to dismiss the lawsuit as agreed all the while his attorney remained in the dark regarding the settlement. Then, after learning of the settlement and that Respondents had not filed a responsive pleading, presumably because the case had settled, Roberts' counsel filed a motion for default judgment.

Following a January 6, 2022, hearing on Roberts' motion for default judgment, the court entered an interlocutory *order* of default against Respondents but denied Roberts' request to enter a default judgment that included an assessment of damages. Instead, on February 16, 2022, the court denied Roberts' motion to convert the interlocutory order into a final default judgment and granted Respondents' request for an evidentiary hearing on their motion to enforce the settlement agreement.

Then, in October 2022, after the evidentiary hearing, the trial court granted Respondents' motion to enforce the settlement agreement and ordered Roberts to comply with the terms of the agreement by dismissing his lawsuit with prejudice. Roberts' continued failure to comply with the court's order triggered Respondents' motion for civil contempt and sanctions and resulted in Roberts dismissing his lawsuit on November 8, 2022. On December 19, 2022, Respondents dismissed their counterclaims for breach of contract, unjust enrichment, and quantum meruit which left nothing of the matter before the trial court.

Roberts now appeals in five points relating to the trial court's order denying his motion to make the interlocutory default order a final default judgment and its order granting Respondents'

motion to enforce the settlement agreement. Nevertheless, because there is no final judgment from which Roberts may appeal, we must dismiss this appeal for lack of jurisdiction.

Before we proceed to address our jurisdiction in this case, however, we make the following observations. First, the record demonstrates that Respondents' failure to fully compensate Roberts as required by Missouri law for hundreds of hours of overtime gave rise to this case. But soon after Roberts filed suit, the situation unraveled as Roberts deceived his counsel, Feldman deceived Roberts, Feldman's lawyers then failed to rescue Roberts' counsel from his renegade client, and then Roberts' counsel deemed it fit to take a default against Respondents after they had already paid his client $3,000 to settle his case. No one's virtue star shone bright in this case. But mercifully, we need not reach the merits.

Respondents raised the issue of this Court's jurisdiction in their motion to dismiss the appeal, and indeed we have a duty to determine *sua sponte* whether we have jurisdiction. *Energy Market 709, LLC v. City of Chesterfield*, 614 S.W.3d 643, 647 (Mo. App. E.D. 2020). "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Wilson v. City of St. Louis*, 600 S.W.3d 763, 767 (Mo. banc 2020). Missouri statute section 512.020(5) grants the right to appeal from "final judgments" only.

Roberts claims the "final judgment" requirement for our jurisdiction is satisfied by (1) the order enforcing the settlement agreement, and (2) the order setting aside the interlocutory order of default. We disagree.

1. *The trial court's order enforcing the settlement is not a final judgment.*

"An order granting a motion to enforce settlement is not a final, appealable judgment." *St. Louis Union Station Holdings, Inc. v. Discovery Channel Store, Inc.*, 272 S.W.3d 504, 505 (Mo. App. E.D. 2008). A *motion* to enforce a settlement agreement creates an equity action

3

collateral to the underlying suit. *Id*. And an *order* granting a motion to enforce a settlement agreement is interlocutory and becomes final only after the trial court has entered a judgment on the settlement and dismissed the underlying petition. *Id*.

Here, as in *St. Louis Union Station Holdings,* "although the trial court ruled on the collateral action" when it entered the order granting the motion to enforce the settlement agreement between Roberts and Respondents, "it did not enter a judgment on the underlying suit." *Id*. As a result, Roberts' lawsuit remained pending.

"The proper course for the trial court to follow after finding the parties had mutually agreed to release their claims was to dismiss those claims." *Kenney v. Vansittert*, 277 S.W.3d 713, 723 (Mo. App. W.D. 2008). Had the trial court dismissed all the pending claims before it after finding the settlement enforceable, we would have a final judgment but that did not occur.

Moreover, the defective nature of our jurisdictional footing here was illustrated when this Court issued to Roberts an order to show cause on the question whether the order enforcing the settlement was final and appealable. In response, Roberts obtained from the trial court a filing in this court that denominated that order as a judgment per Missouri Supreme Court Rule 74.01(a).[1] However, within days the trial court vacated that April 2023 order because it had already lost jurisdiction upon Respondents' voluntary dismissal of their counterclaims on December 19, 2022. It should also be noted that even if the trial court had correctly denominated that order as a judgment, there would still not be a final and appealable judgment because the trial court did not dispose of the underlying suit. *St. Louis Union Station Holdings, Inc.,* 272 S.W.3d at 505.

---

[1] "The requirement that a trial court must 'denominate' its final ruling as a 'judgment' is not a mere formality." *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997). Rule 74.01(a) "established a 'bright line' test as to when a writing is a judgment." *Id*. And without a Rule 74.01(a) judgment, an appellate court is generally without jurisdiction. *Id*.

Thus, on this record, the order enforcing the settlement was not a final judgment because it was not denominated as a Rule 74.01(a) "judgment" while the trial court had jurisdiction and the court failed to dismiss the underlying lawsuit after finding the settlement to be enforceable.

2. *The order setting aside the interlocutory order of default is not a final judgment.*

"'An interlocutory order of default or a default judgment' may be set aside '[u]pon motion stating facts constituting a meritorious defense and for good cause shown.'" *Parker v. American Pub. Co.*, 314 S.W.3d 798, 801 (Mo. App. E.D. 2010) (quoting Rule 74.05(d)). "The Rule further provides that a motion filed under Rule 74.05(d) is an independent action." *Id*. "A determination made on the basis of Rule 74.05(d) requires an independent, final judgment for purposes of appeal." *Id*.

Here, there is no "independent, final judgment for purposes of appeal." *Id*. Like this Court found in *Parker*, the order "is not denominated as a 'judgment' or 'decree,' as required by Rule 74.01(a)." Without an independent and final judgment, we cannot review the trial court's order. Neither the order enforcing the settlement agreement nor the order setting aside the interlocutory order of default is a final, appealable judgment on its own.

3. *The parties' dismissals do not constitute final, appealable judgments.*

Finally, we dispose of Roberts' assertion that the parties' dismissals, in particular Respondents' dismissal of its counterclaims, somehow satisfy our jurisdictional requirement of a final judgment. First, as for Roberts' dismissal,[2] because Respondents' counterclaims remained pending after Roberts dismissed his claims, Roberts' dismissal fails to satisfy Rule 74.01(b) ("any order … that adjudicates fewer than all the claims … shall not terminate the action as to

---

[2] Because Roberts' dismissal is not a "final judgment" pursuant to Section 512.020(5), we need not address whether Roberts' dismissal, which he filed under threat of civil contempt and sanctions, was voluntary or involuntary. *See Kenney,* 277 S.W.3d at 722-723.

any of the claims…").  Moreover, Respondents' dismissal of their counterclaims is not a final judgment as it was a voluntary dismissal, and no appeal may be taken from a voluntary dismissal.  *Curators of the University of Missouri v. St. Charles County*, 985 S.W.2d 810, 814 (Mo. App. E.D. 1998) (quoting *Liberman v. Liberman*, 844 S.W.2d 79, 80 (Mo. App. E.D. 1992)).

Accordingly, Roberts' appeal is dismissed for lack of jurisdiction.

_____
James M. Dowd, Judge

Thomas C. Clark, II, C.J. and
John P. Torbitzky, J. concur.

6